# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| CHRISTOPHER POORE, | ) |   |
|---|---|---|
| PLAINTIFF, | ) |   |
| v. | ) | NO. 3016-CV-0484 |
|   | ) | JUDGE CRENSHAW |
| MONTGOMERY COUNTY JAIL, | ) |   |
| DEFENDANT. | ) |   |

## MEMORANDUM

Plaintiff, Christopher Poore, an inmate at the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the defendant, the Montgomery County Jail, seeking injunctive relief and damages, for a condition of his confinement.

Plaintiff specifically alleges that the absence of mirrors in the individual cells constitutes the "denial of personal hygiene and sanitary living conditions."

To state a claim for § 1983 relief, the Plaintiff must allege plausible facts that a person or persons, acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The sole defendant named in this action is the Montgomery County Jail. A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). Plaintiff's allegations about denial of a mirror in his cell does not state a violation of the

Constitution or federal law. Therefore, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
United States District Judge